Copy mailed to attorneys for ~~parties~~ pltf by the Court pursuant to Rule 77 (d) Federal Rules of Civil Procedures.
cc: Warden
Kenosha Cty Sheriff's



# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DARNELL ROBERT BONNER,

        Plaintiff,

v.                                  Case No. 05-C-1076

DAVID BETH, and
LIEUTENANT SCHLECHT,

        Defendants.

---

**DECISION AND ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*, DENYING MOTION TO APPOINT COUNSEL, ORDERING SERVICE OF PROCESS, AND PAYMENT OF FILING FEE**

The plaintiff, Darnell Robert Bonner, who is proceeding *pro se*, lodged this complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is required to pay the statutory filing fee of $250.00 for this action. If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average

monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $.24.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 [1957]). In reviewing a complaint under

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

2

AO 72A (Rev.8/82)

this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); *see also Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson*, 362 F.3d at 970.

Plaintiff is currently incarcerated at Green Bay Correctional Institution (GBCI). The defendants are both employees of the Kenosha County Sheriff's Department. Defendant David Beth is the Sheriff of Kenosha County and defendant Lieutenant Schlect is the Facility Administrator at the Kenosha County Detention Center.

3

AO 72A
(Rev.8/82)

## COMPLAINT ALLEGATIONS[2]

On September 14, 2005, the plaintiff was "transported from the Kenosha County Jail [] to the Kenosha County Detention Center [] to serve multiple days of disciplinary confinement that [plaintiff] received from the Kenosha County Jail." (Complaint [Compl.] at 3). Then, on or about September 19, 2005, plaintiff and the other inmates on the "top tier of the segregation unit" were ordered to shower. (Compl. at 3). Correctional officers Freeman and Gonzalez prepared the plaintiff for showering by handcuffing him in front and then attaching the handcuffs "to a black vecrow (sic) waist belt." (Compl. at 4). When plaintiff asked why he had to wear restraints in the shower, the correctional officers informed him that "it was the procedures (sic) that all segregation inmates wear restraints while showering." (Compl. at 4).

Subsequently, the plaintiff was instructed to take off his "top shirt" and his pants. (Compl. at 4). While he was undressing, "every segregation inmates (sic)" could see him. (Compl. at 4). The plaintiff states that even though he felt "violated," he "still wanted to shower." (Compl. at 4).

Next, the plaintiff, who is only five feet three inches tall, had to "barely jump to push the shower button," which was very painful on his wrist. (Compl. at 4). Moreover, the "shower in disciplinary segregation does not remain on," so the plaintiff had to continue to jump up to press the button. (Compl. at 4-5). As a result, the plaintiff "felt humiliated and embarrassed," and decided to discontinue his shower. (Compl. at 5).

---

[2]The complaint is twenty-four pages long. The plaintiff has designated the second page as page "4," and there are two pages labeled "15." In the interest of simplicity, the court will refer to the complaint as it is numbered in the Electronic Case Filing (ECF) system, with the first page of the complaint being page number 1 and the last page of the complaint being page number 24.

Case 2:05-cv-01076-WEC   Filed 04/11/06   Page 4 of 11   Document 9

AO 72A
(Rev.8/82)

Thereafter, the plaintiff filed a grievance, complaining about "his difficulty showering." (Compl. at 5). For his part, defendant Schlect responded that "the policy in place to maintain safety and security will not change." (Compl. at 5). When the plaintiff appealed Schlecht's decision, Schlect replied that "appeal regarding shower procedures has already been addressed on 9/23/05. There will be no further response." (Compl. at 5).

Subsequently, on September 28, 2005, after not showering for a week, the plaintiff "decided to shower due to [his] body odor." (Comp. at 5). Correctional officer Molinary "put the handcuffs on [the plaintiff] along with the black waist velcrow (sic) belt." (Compl. at 5-6).

In order to push the shower button, which was about one foot higher than he, the plaintiff had to "pull the black waist velcrow (sic) belt up to [his] chest to give [his] hands a little more reach to push the shower button." (Compl. at 5). However, when the plaintiff jumped up to push the shower button, he lost his balance and "fell forward hitting [his] forehead on the front wall of the shower." (Compl. at 5). After falling forward, the plaintiff "tried to push [himself] up with his hands, but the handcuffs was (sic) too much." (Compl. at 5). Then, he pushed himself off the wall and ended up "landing on [his] backside rear end [and] on [his] right elbow." (Compl. at 5).

Other inmates heard the plaintiff fall and "alerted the guard station." (Compl. at 5). When corporal Simpson, corporal Near, and correctional officer Molinary arrived, they helped the plaintiff to his feet and checked him for "any injuries on [his] body." (Compl. at 5). The plaintiff had "a large bump" on his forehead, his right wrist was "swollen, red and bruised," and his "backside rear end was so sore [the plaintiff] had to sleep on [his] stomach." (Compl. at 5). Over the next two days, the plaintiff was given tylenol for pain and "a bag full of cold ice" for his bruised forehead. (Compl. at 6).

5

The plaintiff alleges that the defendants violated his rights under the Eighth Amendment's cruel and unusual punishment clause. For relief, he asks that the defendants "eliminate the policy of allowing inmates to shower in restraints." (Compl. at 16). In addition, he requests "$115,000 in compensatory damages" and "$330,000 in punitive damages." (Compl. at 16).

## ANALYSIS[3]

The plaintiff contends that the defendants were deliberately indifferent to his safety when they required him to shower while wearing restraints. The Eighth Amendment proscribes cruel and unusual punishment in cases of official conduct which is not part of the formal penalty for a crime if a plaintiff demonstrates: (1) a "sufficiently serious" deprivation and, (2) that officials acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 299 (1991). Mechanical rules are not to be employed in determining whether an alleged deprivation violates the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981). Prison conditions cannot rise to the level of cruel and unusual punishment unless the conditions produce "the deprivation of a single, identifiable human need such as food, warmth, or exercise." *Wilson*, 501 U.S. at 304. "To be cruel and unusual punishment, conduct that does not purport to be punishment at all, must involve more than ordinary lack of due care for the prisoner's interest or safety...It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Id.* at 299 (quoting *Whitley v. Albers*, 475 U.S. 312, 319 [1986]).

---

[3] The court notes that during the events giving rise to the complaint's allegations, the plaintiff was incarcerated at the Kenosha County Jail and the Kenosha County Detention Center. Claims of deliberate indifference made by pre-trial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment. *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764 (7th Cir. 2002). However, Eighth and Fourteenth Amendment claims are analyzed under the same legal standard. *Whiting v. Marathon Co. Sheriff's Dep't*, 382 F.3d 700, 703 (7th Cir. 2004) ("The distinction [between pretrial detainee and prisoner status] is immaterial since the legal standard for a § 1983 claim is the same under either the Cruel and Unusual Punishment Clause of the Eighth Amendment or the Due Process Clause of the Fourteenth Amendment.").

The Eighth Amendment protects inmates not only from deliberate indifference to current serious health problems but also from deliberate indifference to conditions posing an unreasonable risk of serious damage to future health. *Board v. Farnham*, 394 F.3d 469, 479 (7th Cir. 2005)(citing *Helling v. McKinley*, 509 U.S. 25, 33-25 [1993]). Indeed, the Supreme Court has held that it is cruel and unusual punishment to hold convicted criminals in unsafe conditions. *Youngberg v. Romero*, 457 U.S. 307, 315-316 (1982). Therefore, a prisoner's assertion that a deprivation resulted in physical harm "may be analyzed under either the deliberate indifference to current or existing medical needs test or under the deliberate indifference to conditions which pose a risk to future health." *Board*, 394 F.3d at 479. In this case, the plaintiff asserts that he fell in the shower because defendant Schlecht was deliberately indifferent to the dangerous conditions of the jail shower. Accordingly, the plaintiff has alleged facts sufficient to state an Eighth Amendment claim against Schlect.

At this point, it is unclear whether the plaintiff is suing the defendants in their individual or official capacities. However, the complaint fails to state facts indicating defendant Beth's direct, personal involvement in the incident, as required by *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Supervisory responsibility of a sheriff is not sufficient to establish personal liability for an isolated failure of a subordinate to carry out prison policies, unless the subordinate acted or failed to act based on his instructions. *Steidl v. Gramley*, 151 F.3d 739, 741 (7th Cir. 1998). The circumstances described in the complaint do not involve any act or omission by the warden, "which is essential to liability under 42 U.S.C. § 1983." *Id*. Therefore, the plaintiff may not proceed on an Eighth Amendment individual capacity claim against defendant Beth.

7

AO 72A (Rev.8/82)

Next, the plaintiff challenges the defendants' policy requiring inmates to shower while wearing restraints. To the extent that plaintiff seeks compensatory and punitive damages, his official capacity claims must be dismissed because of Eleventh Amendment immunity and also because the state is not a person suable under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-71 (1989)(in regard to official capacity claims, a suit against a state official in his official capacity is a suit against the state and is barred by the Eleventh Amendment). However, official capacity claims seeking injunctive relief are permissible under § 1983. *Id.* at 71 n.10.[4] Such claims require that the entity's policy or custom have played a part in the constitutional violation. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Here, the plaintiff has asked that the defendants discontinue their policy of requiring inmates to wear restraints while taking a shower. Hence, the plaintiff may proceed on his official capacity claims against defendants Schlecht and Beth concerning his request for injunctive relief.

Finally, to the extent that plaintiff advances a potential claim based on slipping and falling in the shower, his allegations amount only to negligence. However, it is well established that negligence is not actionable in a suit under 42 U.S.C. § 1983 complaining about the infliction of cruel and unusual punishment. *Thomas v. Farley*, 31 F.3d 557, 558 (7th Cir. 1994); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1429 (7th Cir. 1996). Thus, the plaintiff will not be permitted to proceed on a negligence claim.

In summary, the plaintiff may proceed on an Eighth Amendment individual capacity claim against defendant Shlecht, and on an Eighth Amendment official capacity claim against defendants

---

[4] A "state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will*, 491 U.S. at 70 n. 10 (quoting *Kentucky v. Graham*, 473 U.S., at 167, n.14).

8

AO 72A (Rev.8/82)

Schlecht and Beth. However, to the extent plaintiff attempts to assert an Eighth Amendment individual capacity claim against defendant Beth, or a negligence claim against either defendant, his claims will be dismissed.

## PLAINTIFF'S MOTION TO APPOINT COUNSEL

As a final matter, the plaintiff has filed a motion to appoint counsel. Although civil litigants do not have a constitutional or statutory right to counsel, this court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). "As a threshold matter, litigants must make a reasonable attempt to secure private counsel." *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case himself or herself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Id*. (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

Here, the plaintiff has not provided any indication that he has attempted unsuccessfully to obtain legal counsel on his own. He should provide the court with the names and addresses of counsel he has contacted. Moreover, the issues in this case appear at this stage to be straightforward and uncomplicated. The plaintiff has been allowed to proceed on one narrow claim (Eighth Amendment conditions of confinement) that is not legally complex. Accordingly, the plaintiff's request for appointment of counsel will be denied. Now, therefore,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Doc. #2) be and hereby is **GRANTED**; and

9

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Doc. #3) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $249.76 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to the Kenosha County Sheriff, 1000 55th Street, Kenosha, WI 53140.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

10

Case 2:05-cv-01076-WEC   Filed 04/11/06   Page 10 of 11   Document 9

AO 72A
(Rev.8/82)

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 11th day of April, 2006.

BY THE COURT:

_____
C. N. CLEVERT, JR.
U.S. District Judge

11

Case 2:05-cv-01076-WEC   Filed 04/11/06   Page 11 of 11   Document 9