U.S. DIST. COURT EAST DIST. WISC.
FILED
NOV 17 2006
AT_____ O'CLOCK _____ M
SOFRON B. NEDILSKY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARNELL ROBERT BONNER,

    Plaintiff,

v.

Case No. 05-C-1076

DAVID BETH and
LIEUTENANT SCHLECT,

    Defendants.

## DECISION AND ORDER

Plaintiff Darnell Robert Bonner lodged this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. By order of April 11, 2006, he was permitted to proceed *in forma pauperis* on a claim that the defendants were deliberately indifferent to dangerous conditions at the Kenosha County Detention Center. This matter comes before the court upon the plaintiff's October 10, 2006, letter indicating that is unable to file a response to the defendants' motion for summary judgment.

According to the plaintiff, prison officials at Green Bay Correctional Institution (where the plaintiff currently resides) have refused to provide him with paper and postage. As a result, the plaintiff is unable to respond to the defendants' September 25, 2006, motion for summary judgment. The plaintiff seeks a court order directing prison officials to provide him with paper and postage. Because the plaintiff has asked that the defendants be ordered to perform a specific act (and since he has indicated that he has served counsel for the defendants with a copy of his "motion"), the court construes the plaintiff's filing as a request for injunctive relief.

In deciding whether to grant a motion for a preliminary injunction or temporary restraining order, the court should consider (1) whether the moving party has an adequate remedy at law; (2) whether he will suffer irreparable harm if the preliminary injunction is not issued; (3) whether the irreparable harm he will suffer if the preliminary injunction is not granted outweighs the irreparable harm the defendant will suffer if the injunction is granted; (4) whether he has a reasonable likelihood of prevailing on the merits; and (5) whether the injunction will not harm the public interest. *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). The moving party's threshold burden is to establish the first and second factors and to show "some likelihood of success on the merits." *Ping v. National Educ. Ass'n*, 870 F.2d 1369, 1371 (7th Cir. 1989) (emphasis in original); *see also Roth v. Lutheran General Hosp.*, 57 F.3d 1446, 1453 (7th Cir. 1995). Once the initial burden is met, the inquiry then becomes a sliding scale analysis of the harm to the parties and the public from the grant or denial of the injunction and the actual likelihood of success on the merits. *Ping*, 870 F.2d at 1371.

The plaintiff's claim that he is being denied paper and postage implicates his right to access the courts. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). This right "requires prison authorities to assist inmates in preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828. To this extent, the Wisconsin Department of Corrections (DOC) provides a legal loan for inmates by which they may obtain paper and postage. *See* Wis. Admin. Code § DOC 309.51(1). This provision states, in pertinent part,

> Funds for legal correspondence and copying. (1) Correspondence to courts, attorneys, parties in litigation, the inmate complaint review system under ch. DOC 310 or the parole board may not be denied due to lack of funds, except as limited in this subsection. Inmates without sufficient funds in their general account to pay

for paper, photocopy work, or postage may receive a loan from the institution where they reside. No inmate may receive more than $200 annually under this subsection, except that any amount of the debt the inmate repays during the year may be advance to the inmate again without counting against the $200 loan limit. The $200 loan limit may be exceeded with the superintendent's approval if the inmate demonstrates an extraordinary need, such as a court order requiring submission of specified documents. The institution shall charge any amount advanced under this subsection to the inmate's general account for future repayment. An inmate may be permitted to retain in the inmate's general account an amount of money specified, in writing, by the bureau of adult institutions that is not subject to repayment of the loan.

Wis. Admin. Code § DOC 309.51(1).

In this case, the plaintiff has given no indication that he has requested and been denied such a loan. Indeed, he has not provided any detailed information as to the steps he has taken to procure paper and postage. Thus, at this stage of the proceedings, a court order directing the defendants to provide him with legal materials is premature. Accordingly, the plaintiff's request for injunctive relief will be denied.

However, the plaintiff will be permitted a thirty (30) day extension of time in which to file a response to the defendants' September 25, 2006, motion for summary judgment. Thus, the plaintiff is hereby advised that his response to the defendants' motion for summary judgment is due on or before **December 20, 2006.**

**IT IS THEREFORE ORDERED** that the plaintiff's request for injunctive relief be and hereby is **DENIED**; and

**IT IS FURTHER ORDERED** that the plaintiff must file a response to the defendants' motion for summary judgment within thirty (30) days of the date of this order. The plaintiff is hereby advised that his response to the defendants' September 25, 2006, motion for summary judgment is due on or before **December 20, 2006.**

Dated at Milwaukee, Wisconsin this 17th day of November, 2006.

BY THE COURT:

*William E Callahan*
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge